# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**DON PRESCOTT**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

    Plaintiff,

v.                                                                                       NO. _____

**ESTES HOLDINGS, LLC,**
*a Tennessee Limited Liability Company,*
**RONALD CRAIG ESTES,** *Individually, and*     **FLSA Opt-In Collective Action**
**CHRISTY ESTES,** *Individually,*                            **JURY DEMANDED**

    Defendants.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Don Prescott, individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA in that they failed to pay Plaintiff for all hours he

worked by not compensating him at the rate of time and one-half her regular rate of pay for all the hours worked over forty (40) hours in one workweek. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

3. Plaintiff Don Prescott is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Collective Action Complaint. Plaintiff was paid $16.00 per hour for certain hours worked for Defendants. Plaintiff Prescott hereby consents to be a party-plaintiff and the named representative plaintiff in this action and his consent form is attached as "Exhibit A."

4. Plaintiff and "Class Members" are Defendants' current and former hourly-paid chefs and other non-tipped employees who were not paid proper overtime pay for overtime work as required by the FLSA.

5. Defendant Estes Holdings, LLC is a Tennessee limited liability company authorized to do business, and does business, in the State of Tennessee. Estes Holdings, LLC owns and operates Rock n Roll Sushi franchised restaurants in Memphis, Germantown and Jackson, Tennessee. Defendant Estes Holdings, LLC can be served through its registered agent and co-owner, Ronald Craig Estes at 9071 Hillman Way Drive, Bartlett, Tennessee 38133-4159, or wherever it may be found.

6. Defendants Ronald Craig Estes and Christy Estes are the Co-Owners of Estes Holdings, LLC and exercised operational control over the corporate defendant and its employees during the statutory period. Furthermore, The Estes Defendants determined Plaintiff's rate and method of pay and made the decision to pay Plaintiff and Class Members for only certain non-overtime hours. The Estes Defendants are therefore individually liable under the FLSA for the non-payment of overtime complained of herein. The Estes Defendants can be served at 9071

Hillman Way Drive, Bartlett, Tennessee 38133-4159, or wherever they may be found.

### III.   JURISDICTION AND VENUE

7.   This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

8.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants reside in this District and because the events that form the basis of this suit occurred in this District.

### IV.   CLASS DESCRIPTION

9.   Plaintiff brings this action on behalf of himself and the following similarly situated persons: All current and former hourly paid sushi chefs and other hourly paid workers employed by Estes Holdings, LLC d/b/a Rock n Roll Sushi who performed job duties on its behalf at any time during the applicable limitation's period covered by this Collective Action Complaint *(i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b).  (Collectively, "the class").

### V.   COVERAGE

11.   At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

12.   At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.   At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.   At all times hereinafter mentioned, Defendants have been an enterprise engaged

in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

16. Defendants own and operate Rock n Roll Sushi franchised restaurants located in Memphis, Germantown and Jackson, Tennessee.

17. Plaintiff Prescott was employed by Defendants as a full time hourly paid sushi chef within the last 3 years, predominantly during the first half of 2022. Plaintiff Prescott regularly worked more than forty 40 hours in a workweek during his employment.

18. To perform their duties, Plaintiff and Class Members were often required to arrive early and/or stay late. Because Plaintiff and Class Members were regularly scheduled to work at least 40 hours in a week, any additional work performed over 40 hours in one week should have been paid at overtime rates. Defendants did not pay Plaintiff and Class Members time-and-one-half their regular rates of pay for all hours they worked over 40 hours per week, even though they routinely worked more than 40 hours per week throughout the course of their employment. Defendants would limit Plaintiff and Class Members recorded

compensable time to under forty (40) hours.

19. Plaintiff and Class members would regularly perform tasks before being allowed or having the ability to clock in such as: setting up sushi stations; including but not limited to, preparing fish, vegetables, and other food items including preparing rice prior to clocking in or being afforded the ability to clock in.

20. Defendants used an electronic time keeping system that would not allow Plaintiff and Class Members to clock in until a certain time after they were required to report to work and perform the aforementioned required preparatory and other tasks for the shift.

21. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VII.   COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff re-alleges and incorporates paragraphs 1–21 as if fully set forth herein.

23. Plaintiff and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

24. Defendants' failure to compensate employees at the appropriate rate for hours worked in excess of 40 in a workweek as required by the FLSA results from a companywide policy or practice. This policy or practice was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiff applied to all Class Members.

25. Defendants were aware of their obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

### VIII.  CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. Plaintiff re-alleges and incorporates paragraphs 1–25 as if fully set forth herein.

27. During the relevant period, Defendants have violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

### IX.   RELIEF SOUGHT

28. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

   A. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join this suit);

   B. For an Order awarding Plaintiff (and those who may join this suit) the costs of this action;

C. For an Order awarding Plaintiff (and those who may join this suit) attorneys' fees;

D. For and Order awarding Plaintiff (and those who may join this suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

E. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 3, 2023.                    Respectfully Submitted,

*/s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*

*Attorneys for Plaintiff and similarly situated current and former employees*